Spalding, J.
In the argument, counsel for complainant lay much stress upon the proposition that “ delivery is essential to the complete execution of a deed.”
Admit it: and admit farther, for the sake of the argument, that there was, in fact, no delivery of the deed by Samuel Hammell to his two sons, John and William, and what figure does this case make in a court of chancery ?
The deed has not taken effect for want of delivery; the complainant has, therefore, a good legal title to the land in controversy, and although out of possession, his remedy at law is entirely adequate.
. But the deed is made an exhibit in the case, and appears to have been recorded in the records of Hamilton county, on the 29th of April, 1889. This fact, in connection with one other important fact disclosed by the testimony, to-wit: that William Hammell died in possession of thé premises, in the fall of 1847, having a short time before obtained the possession by means of an action of forcible detainer, the law will construe as being tantamount to delivery, in the absence of explanatory proof on the part of the complainant. And this, too, upon the admission that the grantor alone procured the deed to be recorded.
There is no testimony, however, which sustains the allegation in the bill, that complainant, of his own volition, and at his own cost, and for the sole purpose of. preserving the evidence of the contract of sale, procured the deed to be recorded.
It does appear, indeed, from the deposition of H. P. Gaines, that at the time the deed was acknowledged before him, on *20 the first day of July, 1836, the grantees were not present, and it was not then delivered, to his knowledge. The witness goes on to say that it was by his advice the deed was not delivered, as the grantor had told him that the grantees should not have the property until they paid him the twenty-five hundred dollars.
He further says that he told the grantor to retain the deed and that, if he did so, the property would remain his, notwithstanding the deed, even though he caused it to be recorded.
This same witness, however, in another part of the same deposition, says, that some time during the previous year, (1848,) he was employed by Samuel Hammell, the grantor, to institute proceedings, in forcible entry and detainer, to obtain possession of said house and lot from the widow of his son William, when, “ to his surprise,” said Samuel then held said deed in his possession.
For anything that appears in the evidence, Samuel Hammell may have received from his son William, who is proved to have been an engineer in Cincinnati, and an industrious man, a full consideration for the one half of said property, and may have made actual delivery of the deed to him at some time anterior to the day on which it was entered in the office for record.
We have no means of knowing who caused the deed to be recorded, and in the absence of proof, will presume it was done with the assent of the grantee, and for his benefit.
The complainant says in his bill, that he caused the deed to be placed on record, not to pass the title, or perpetuate evidence of the same, but merely “ to preserve the evidence of said sale.',
Of what sale ? Most undoubtedly he alludes to the alleged sale of the premises to his two sons, John and William, for the sum of twenty-five hundred dollars, as set forth in his bill.
But we nowhere find his allegation supported by proof. On the contrary, John Hammell, who is made a witness by complainant, swears that there never was any agreement *21 between himself, and his brother William, and their father, as to the payment of any money for said premises.
For what purpose, then, was the deed made ? As William Hammell was dead before this suit was instituted, and died in possession of the premises, with a deed on record conveying to him one half of the property for a consideration expressed in the instrument to have been received to the satisfaction of the grantor, it is charitable to conclude that the transaction was bona fide, and that, so far as regards a moiety of the premises, the grantor has received his pay. At all events, the testimony submitted to our consideration by the complainant, has failed to satisfy our minds that it will be equitable to take from the widow and the orphan that which was never required at the hands of the husband and the father while he had breath to proclaim his rights. ■

The hill will he dismissed.